UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>INOFIN, INCORPORATED,<br><br>Debtor. | Chapter 7<br><br>Case No. 11-11010-JNF |

OBJECTION BY RAYMOND C. GREEN, INC. TO CHAPTER 7
TRUSTEE'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL

Raymond C. Green, Inc. ("RCG") objects to the *Chapter 7 Trustee's Emergency Motion For Use of Cash Collateral* (the "Cash Collateral Motion") [docket no. 27], and in support of this objection avers as follows:

BACKGROUND

1. On February 9, 2011 (the "Filing Date"), various unsecured creditors filed an involuntary Chapter 7 bankruptcy petition against Inofin, Inc. (the "Debtor"). On February 16, 2011, the Court entered an order for relief against the Debtor and Mark DeGiacomo (the "Trustee") was appointed as Chapter 7 trustee.

2. The Trustee is operating the Debtor's business.

3. Prior to the Filing Date, the Debtor was engaged in the business of providing sub-prime financing to consumers, many of whom did not otherwise meet the underwriting criteria for other institutional lenders, for the purchase of used motor vehicles.

4. Prior to the entry of the order for relief against the Debtor, RCG loaned in excess of $8,000,000 to the Debtor. The Debtor used the proceeds of the loan from RCG to itself make loans to consumers (collectively the "Consumer Borrowers") to purchase automobiles. To

secure the amounts borrowed from RCG, the Debtor granted RCG security interests in, among other things, the instruments and/or chattel paper, and their proceeds, that the Debtor received from the Consumer Borrowers (the "RCG Portfolio"). RCG's liens against the RCG Portfolio were perfected both by RCGs taking possession of the instruments and chattel paper and by the filing of a UCC-1 financing statement with the Secretary of State of the Commonwealth of Massachusetts.

5. In January of 2011, prior to the Petition Date, RCG scheduled and conducted foreclose sales (collectively the "Foreclosure Sales") of the RCG Portfolio under the Massachusetts Uniform Commercial Code. RCG was the successful bidder at the foreclosure sale and therefore became the owner of the RCG Portfolio prior to the Petition Date. *See* M.G.L. c. 106 § 9-617.

6. The Trustee is collecting the amounts paid by the Consumer Borrowers of the loans in the RCG Portfolio.

## OBJECTION

**A. The Debtor's Bankruptcy Estate May Not Use The Proceeds of The RCG Portfolio Because it Has no Interest in Such Property.**

7. Section 363 of the Bankruptcy Code permits a trustee to use property of the bankruptcy estate, including cash collateral (as that term is defined in the Bankruptcy Code). *See* 11 U.S.C. § 363.

8. By virtue of the Foreclosure Sales, ownership of the RCG Portfolio was transferred to RCG. Because the Debtor had no interest in the RCG Portfolio on the Petition Date, the RCG Portfolio did not become property of the Debtor's bankruptcy estate (the "Estate"). The Trustee may not, therefore, use the RCG Portfolio or the proceeds of the RCG Portfolio pursuant to Section 363(b) of the Bankruptcy Code.

2

**B. Even if The Estate Had an Interest in The RCG Portfolio, RCG's Interest in The RCG Portfolio is Not Adequately Protected.**

9. Even if the Estate did have an interest in the RCG Portfolio, the Trustee cannot provide RCG with adequate protection of its interest in the RCG Portfolio.

10. Although the Trustee is operating the Debtor's business, he is not generating new loans. The RCG Portfolio is a wasting asset in that every dollar collected reduces the value of the RCG Portfolio. Every dollar of proceeds spent by the Trustee is, therefore, not replaced.

11. The only adequate protection proposed by the Trustee is the continued servicing of the RCG Portfolio. This does not provide RCG with adequate protection of its interest in the RCG Portfolio in this liquidating Chapter 7 case.

12. The budget proposed by the Trustee includes, among other things (a) charges for the Trustee's commission and his professional fees and costs, and (b) charges for employees and overhead expenses that are not necessary for the servicing of the RCG Portfolio. These are charges that RCG would not incur if it were servicing the RCG Portfolio, and any such charges paid from the proceeds of the RCG Portfolio will irretrievably diminish RCG's interest in the RCG Portfolio.

13. Even if the Trustee's continued servicing of the RCG Portfolio constituted adequate protection, the budget includes charges that RCG should not be compelled to pay, as they are not charges necessary to service the RCG Portfolio. These excess charges therefore do not constitute adequate protection of the RCG Portfolio.

**WHEREFORE**, RCG respectfully requests that this Court enter an Order denying the Cash Collateral Motion and granting such other relief as this Court deems just and proper.

Respectfully submitted,

RAYMOND C. GREEN, INC.,

By its attorneys,

/s/ *D. Ethan Jeffery*
D. Ethan Jeffery (BBO #631941)
Christopher M. Condon (BBO #652430)
MURPHY & KING, Professional Corporation
One Beacon Street
Boston, MA  02108
Tel:    (617) 423-0400
Email: dej@murphyking.com

Dated: March 8, 2011
590731

4