**EXHIBIT A TO**

**MOTION BY RAYMOND C. GREEN, INC. FOR RELIEF
FROM THE AUTOMATIC STAY AND FOR RELATED RELIEF**

## SECURITY AGREEMENT

First Investors Factoring, Inc., a Massachusetts corporation with a place of business at 55 Accord Park Drive, Rockland, MA 02370 ("Debtor"), subject to the terms and conditions hereof, hereby grants a security interest to Raymond C. Green, Inc. (the "Secured Party"), in and to the following property, whether now owned or hereafter acquired:

(i) all of Debtor's rights in and to chattel paper, instruments and all motor vehicle installments sales contracts purchased by Debtor with the proceeds of loans from Secured Party and assigned and delivered to Secured Party;

(ii) all collateral security for and all guaranties of, and all proceeds of, any of the foregoing.

(iii) all documents, books and records relating to the foregoing.

The property described above shall hereafter be collectively referred to as the "Collateral".

The Collateral is pledged, assigned, mortgaged and transferred, and a security interest therein is granted, to the Secured Party as security for payment of all sums due under a promissory note (the "Note") of Debtor in the original principal amount of $500,000.00 of even date herewith and as security for any and all obligations and liabilities of Debtor to the Secured Party of every kind, direct or indirect, absolute or contingent, due or becoming due, now existing or hereinafter arising (hereinafter collectively referred to as the "Obligations").

1. **Miscellaneous Agreements**

    (a) Debtor will at all reasonable times and from time to time allow the Secured Party, by or through any of its officers, agents, employees, attorneys or accountants, to examine and inspect and make extracts from Debtor's books and other records, and, where accounts or contract rights are part of the Collateral, to arrange for verification of accounts, under reasonable procedures, directly with account debtors or by other methods.

    (b) Debtor will join with the Secured Party in appropriate financing statements under the Uniform Commercial Code and will at all times and from time to time, at the request of the Secured Party, do, make, execute and deliver all such additional and further acts, things, deeds, assurances and instruments as the Secured Party may reasonably require, more completely to vest in and assure to the Secured Party its rights hereunder in or to the Collateral.

(c) The Secured Party shall be under no obligation to take steps necessary to preserve rights in any Collateral against other parties but may do so at its option. At its option the Secured Party may, after notice to Debtor, discharge any taxes, liens, security interests or other encumbrances to which any Collateral is at any time subject, and may, upon the failure of Debtor so to do, purchase insurance on any Collateral and pay for the repair, maintenance or preservation thereof, and Debtor agrees to reimburse the Secured Party on demand for any payments made or expenses incurred by the Secured Party pursuant to the foregoing authorization. The Secured Party may, at any time after default hereunder, take control of any proceeds of Collateral to which the Secured Party is entitled hereunder or under applicable law.

2. **The Secured Party as Debtor's Attorney**

Debtor hereby irrevocably appoints the Secured Party the true and lawful attorney for Debtor with full power of substitution, in the name of the Secured Party or in the name of Debtor or otherwise, for the sole benefit of the Secured Party but at the sole expense of Debtor, in the event of default hereunder, with respect to the Collateral:

(a) to demand, collect, receive payment of, receipt for, settle, compromise or adjust, and give discharges and releases in respect of the Collateral;

(b) to commence and prosecute any suits, actions or proceedings at law or in equity in any court of competent jurisdiction to collect the Collateral or any of them and to enforce any other rights in respect thereof;

(c) to defend any suit, action, or proceeding brought against Debtor in respect of any of the Collateral;

(d) to settle, compromise or adjust any suit, action or proceeding described in clause (b) or (c) above and, in connection therewith, to give such discharges or releases as the Secured Party may deem appropriate;

(e) to endorse checks, notes, drafts, acceptances, money orders, or other instruments or documents evidencing or securing the Collateral; and

(f) to receive and open mail and all other communications addressed to Debtor and to change the post office address of Debtor to such other address as the Secured Party may deem appropriate.

The powers conferred on the Secured Party by this Agreement are solely to protect the interest of the Secured Party and shall not impose any duty upon the Secured Party to exercise any such

-2-

power, and if the Secured Party shall exercise any such power, it shall be accountable only for amounts that it actually receives as a result thereof; and shall not be responsible to Debtor except for willful misconduct.

3. <u>Events of Default; Acceleration</u>

Any or all Obligations shall, at the option of the Secured Party, subject to the expiration of any notice and/or cure period set forth in the Note, become immediately due and payable, without further notice or demand, upon the occurrence of any of the following events of default:

(a) default in the payment, performance or observance of any obligation, covenant, agreement or liability contained or referred to herein or in any note or other obligation evidencing the same; or

(b) any warranty, representation or statement made or furnished to the Secured Party by, or on behalf of, Debtor proves to have been false in any material respect when made or furnished; or

(c) the assertion of any adverse claim with respect to any of the Collateral; or

4. <u>Rights and Remedies on Default</u>

Upon the occurrence of any such event of default, and at any time thereafter, the Secured Party shall have the rights and remedies of a secured party under the Uniform Commercial Code in addition to the rights and remedies provided herein or in any other instrument or agreement executed by Debtor. Wherever notification with respect to the sale or other disposition of Collateral is required by law, such notification of the time and place of public sale, or of the date after which a private sale or other intended disposition is to be made, shall be deemed reasonable if given at least ten (10) days before the time of such public sale, or the date after which any such private sale or other intended disposition is to be made, as the case may be. Expenses of retaking, holding, preparing for sale, selling or the like, shall include the Secured Party's reasonable attorneys' fees and the legal expenses.

5. <u>Waiver of Demand, Etc.</u>

Debtor waives demand, notice, protest, notice of acceptance of this Agreement, notice of loans made, credit extended, collateral received or delivered or other action taken in reliance hereon and all other demands and notices of any description. TO THE MAXIMUM EXTENT PERMITTED BY LAW DEBTOR ALSO WAIVES ANY AND ALL RIGHTS THAT IT MAY HAVE TO JUDICIAL HEARING IN ADVANCE OF THE ENFORCEMENT OF ANY OF THE SECURED PARTY'S RIGHTS HEREUNDER, INCLUDING WITHOUT

ACK0BDS4/SNW
04/12/96

LIMITATION, THE SECURED PARTY'S RIGHTS FOLLOWING AN EVENT OF DEFAULT TO TAKE IMMEDIATE POSSESSION OF THE COLLATERAL AND EXERCISE ITS RIGHTS WITH RESPECT THERETO. With respect both to the Obligations and the Collateral, Debtor assents to any extension or postponement of the time of payment or any other indulgence, to any substitution, exchange or release of collateral, to the addition or release of any party or person primarily or secondarily liable, to the acceptance of partial payment thereon and the settlement, compromising, adjusting or discharge of any thereof, all in such manner and at such time or times as the Secured Party may deem advisable.

6. General

Any condition or restriction hereinabove imposed with respect to Debtor may be waived, modified or suspended by the Secured Party but only on the Secured Party's prior action in writing and only as so expressed in such writing and not otherwise. The Secured Party shall not be deemed to have waived any of its other rights hereunder or under any other agreement, instrument or paper signed by Debtor unless such waiver be in writing and signed by the Secured Party. No delay or omission on the part of the Secured Party in exercising any right shall operate as a waiver of such right or any other right. A waiver on any one occasion shall not be construed as a bar to, or waiver of, any right or remedy on any future occasion. All the Secured Party's rights and remedies, whether evidenced hereby or by any other agreement, instrument or paper, shall be cumulative and may be exercised separately or concurrently. Any demand upon, or notice to, Debtor that the Secured Party may elect to give shall be effective if sent by certified mail, return receipt requested when received (or refused), or if by recognized overnight delivery service when received (or refused), addressed to Debtor at the address shown at the beginning of this Agreement or as modified by any notice given after the date hereof. Demands or notices addressed to any other address at which the Secured Party customarily communicates with Debtor shall also be effective. If any term or condition hereof shall be invalid or unenforceable to any extent or in any application, then the remainder hereof and such term or condition except to such extent or in such application, shall not be affected thereby, and each and every term and condition hereof shall be valid and enforced to the fullest extent and in the broadest application permitted by law. Whenever there are no outstanding Obligations and no commitment on the part of the Secured Party under any agreement which might give rise to an Obligation, Debtor may terminate this Agreement upon written notice to the Secured Party. Prior to such termination, this shall be a continuing agreement in every respect. This Agreement and all rights and obligations hereunder, including matters of construction, validity and performance, shall be governed by the law of Massachusetts. This Agreement is intended to take effect when signed by Debtor and delivered to the Secured Party.

ACK0BD54/SNW
04/12/96

    Signed, sealed and delivered by Debtor to the Secured Party on this __17th__ day of April, 1996.

                                   FIRST INVESTORS FACTORING, INC.

                        By: _____
                              Michael J. Cuomo, President

-5-